Stephen W. Rupp (2824)
Jamie L. Nopper (10703)
**McKAY, BURTON & THURMAN**
Attorneys for Stephen W. Rupp, Trustee
170 South Main Street, Suite 800
Salt Lake City, UT 84101
Tel: (801) 521-4135
Fax: (801) 521-4252
Email: jnopper@mbt-law.com

### IN THE UNITED STATES BANKRUPTCY COURT FOR THE
### DISTRICT OF UTAH, CENTRAL DIVISION

| In re: | Bankruptcy No. 09-25053   RKM |
|---|---|
| GLENDA HAUS-NORED and DWAYNE NORED, | (Chapter 7) |
| Debtors. | |

### MOTION FOR APPROVAL OF SALE OF PROPERTY OF THE ESTATE

Stephen W. Rupp, Trustee of the Chapter 7 bankruptcy estate of Glenda Haus-Nored and Dwayne Nored ("the Trustee"), hereby moves this Court for approval to sell the bankruptcy estate's 50% interest in certain real property to Kollin and Anne Garfield.  In support thereof, the Trustee respectfully represents the following:

1. Debtors Glenda Haus-Nored and Dwayne Nored ("the Debtors") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on May 18, 2009.

2. On the date of petition, Debtor Glenda Haus-Nored was the owner of an interest in real property located in Summit County ("the Property") and described as follows:

LR-1-10 Lot 10 Lake Rockport Estates Subdivision Unit 1 Cont. 1.0 acres.

3. Although the Debtor's interest appeared, per title, to be a 1/3 interest, the Trustee's investigation revealed that several recorded deeds were fraudulent or otherwise

invalid.

4.  The Trustee recovered additional interest for the bankruptcy estate from another individual on title.

5.  All parties agree that the bankruptcy estate now holds a 50% interest in the Property.

6.  Kollin and Anne Garfield have offered to purchase the Property for $30,000.00. A copy of the Real Estate Purchase Contract is attached hereto as Exhibit A.

7.  The Property will be sold as is, with no warranties, expressed or implied.

8.  The sale proceeds are to be held by the Trustee and administered pursuant to further order of the Court.

9.  The Trustee recommends this sale. The sale does reflect the present value of the estate's interest in the Property. The Trustee believes that the sale is in the best interest of the creditors and the estate.

WHEREFORE, the Trustee hereby respectfully asks the Court to approve the sale of any and all interest and/or rights of the estate in the Property as set forth above. Pursuant to Bankruptcy Rule 6004(g), the Trustee also asks that the order authorizing the sale be effective upon execution.

DATED this 27th day of July, 2010.

**McKAY, BURTON & THURMAN**

　　　　/S/　　　　　　　　　　　　　
Jamie L. Nopper
Attorneys for Stephen W. Rupp, Trustee

# Exhibit A

 

# REAL ESTATE PURCHASE CONTRACT
# FOR LAND

This is a legally binding Real Estate Purchase Contract ("REPC"). If you desire legal or tax advice, consult your attorney or tax advisor.

## OFFER TO PURCHASE AND EARNEST MONEY DEPOSIT

On this __12__ day of __July__, __2010__ ("Offer Reference Date") __Kollin and Anna Garfield__ ("Buyer") offers to purchase from __RUPP STEPHEN W TRUSTEE and Jamie Bench__ ("Seller") the Property described below and [ ] delivers to the Buyer's Brokerage with this offer, or [✓] agrees to deliver no later than four (4) calendar days after Acceptance (as defined in Section 23), Earnest Money in the amount of $__500.00__ in the form of __Check__. After Acceptance of the REPC by Buyer and Seller, and receipt of the Earnest Money by the Brokerage, the Brokerage shall have four (4) calendar days in which to deposit the Earnest Money into the Brokerage Real Estate Trust Account.

Buyer's Brokerage __Keller Williams PC-Mtn Resort__ Phone: __435-658-3500__

Received by: _____ on __7-19-10__ (Date)
(Signature above acknowledges receipt of Earnest Money)

## OTHER PROVISIONS

1. **PROPERTY:** __3934 BRIAN CIR__
also described as: _____
City of __Rockport__ County of __Summit__, State of Utah, Zip __84017__ (the "Property").
Any reference below to the term "Property" shall include the Property described above, together with the Included Items and water rights/water shares, if any, referenced in Sections 1.1, and 1.3.

   1.1 **Included Items** (specify) __All water shares__

   1.2 **Excluded Items** (specify) _____

   1.3 **Water Service.** The Purchase Price for the Property shall include all water rights/water shares, if any, that are the legal source for Seller's current culinary water service and irrigation water service, if any, to the Property. The water rights/water shares will be conveyed or otherwise transferred to Buyer at Closing by applicable deed or legal instruments. The following water rights/water shares, if applicable, are specifically excluded from this sale: _____

2. **PURCHASE PRICE.** The Purchase Price for the Property is $__30,000.00__. Except as provided in this Section, the Purchase Price shall be paid as provided in Sections 2(a) through 2(d) below. Any amounts shown in 2(b) and 2(d) may be adjusted as deemed necessary by Buyer and the Lender.

| | |
|---|---|
| $ __500.00__ | (a) **Earnest Money Deposit.** Under certain conditions described in the REPC, this deposit may become totally non refundable. |
| $ __23,500.00__ | (b) **New Loan.** Buyer may apply for mortgage loan financing (the "Loan") on terms acceptable to Buyer. |
| $ _____ | (c) **Seller Financing** (see attached Seller Financing Addendum) |
| $ __6,000.00__ | (d) **Balance of Purchase Price in Cash at Settlement** |
| $ __30,000.00__ | **PURCHASE PRICE.** Total of lines (a) through (d) |

3. **SETTLEMENT AND CLOSING.**

   3.1 **Settlement.** Settlement shall take place no later than the Settlement Deadline referenced in Section 24(d), or as otherwise mutually agreed by Buyer and Seller in writing. "Settlement" shall occur only when all of the following have been completed: (a) Buyer and Seller have signed and delivered to each other or to the escrow/closing office all documents required by the REPC, by the Lender, by the title insurance and escrow/closing offices, by written escrow instructions (including any split closing instructions, if applicable), or by applicable law; (b) any monies required to be paid by Buyer or Seller under these documents (except for the proceeds of any new loan) have been delivered by Buyer or Seller to the other party, or to the escrow/closing office, in the form of cash, wire transfer, cashier's check, or other form acceptable to the escrow/closing office.

Page 1 of 8 pages    Buyer's Initials ___ Date __7/12/10__    Seller's Initials ___ Date __7-13-10__

This form is authorized for use by Amber Sargent, a member of the Park City Board of Realtors. 

Jul 16 10 09:39a                                                                                          p.4

Jul 12 10 10:01a



Utah Association of REALTORS

# REAL ESTATE PURCHASE CONTRACT
## FOR LAND

This is a legally binding Real Estate Purchase Contract ("REPC"). If you desire legal or tax advice, consult your attorney or tax advisor.

### OFFER TO PURCHASE AND EARNEST MONEY DEPOSIT

On this __12__ day of __July__, 20__10__ ("Offer Reference Date") __Kallin and Anna Garfield__ ("Buyer") offers to purchase from __Russ Shaffer & Trustee and James Bench__ ("Seller") the Property described below and [ ] delivers to the Buyer's Brokerage with this offer, or [✓] agrees to deliver no later than four (4) calendar days after Acceptance (as defined in Section 23), Earnest Money in the amount of $ __500.00__ in the form of __Check__. After Acceptance of the REPC by Buyer and Seller, and receipt of the Earnest Money by the Brokerage, the Brokerage shall have four (4) calendar days in which to deposit the Earnest Money into the Brokerage Real Estate Trust Account.

Buyer's Brokerage __Keller Williams Pc-Ken Xsnors__   Phone: __435-658-3568__

Received by: _____ on _____ (Date)
(Signature above acknowledges receipt of Earnest Money)

### OTHER PROVISIONS

1. PROPERTY: __3934 Brian Cir__
also described as: _____
City of __Rockport__, County of __Summit__, State of Utah, Zip __84017__ (the "Property").
Any reference below to the term "Property" shall include the Property described above, together with the included items and water rights/water shares, if any, referenced in Sections 1.1, and 1.3.

   1.1 Included Items (specify) __All water shares__
   1.2 Excluded Items (specify) _____

   1.3 Water Service. The Purchase Price for the Property shall include all water rights/water shares, if any, that are the legal source for Seller's current culinary water service and irrigation water service, if any, to the Property. The water rights/water shares will be conveyed or otherwise transferred to Buyer at Closing by applicable deed or legal instruments. The following water rights/water shares, if applicable, are specifically excluded from this sale: _____

2. PURCHASE PRICE. The Purchase Price for the Property is $ __29,500.00__. Except as provided in this Section, the Purchase Price shall be paid as provided in Sections 2(a) through 2(d) below. Any amounts shown in 2(b) and 2(d) may be adjusted as deemed necessary by Buyer and the Lender.

| $ 500.00 | (a) Earnest Money Deposit. Under certain conditions described in the REPC, this deposit may become totally non-refundable. |
| $ 23,500.00 | (b) New Loan. Buyer may apply for mortgage loan financing (the "Loan") on terms acceptable to Buyer. |
| $ | (c) Seller Financing (see attached Seller Financing Addendum) |
| $ 6,000.00 | (d) Balance of Purchase Price in Cash at Settlement |
| $ 29,500.00 | PURCHASE PRICE. Total of lines (a) through (d) |

3. SETTLEMENT AND CLOSING.
   3.1 Settlement. Settlement shall take place no later than the Settlement Deadline referenced in Section 24(d), or as otherwise mutually agreed by Buyer and Seller in writing. "Settlement" shall occur only when all of the following have been completed: (a) Buyer and Seller have signed and delivered to each other or to the escrow/closing office all documents required by the REPC, by the Lender, by the title insurance and escrow/closing offices, by written escrow instructions (including any split closing instructions, if applicable), or by applicable law; (b) any monies required to be paid by Buyer or Seller under these documents (except for the proceeds of any new loan) have been delivered to Buyer or Seller to the other party, or to the escrow/closing office, in the form of cash, wire transfer, cashier's check, or other form acceptable to the escrow/closing office.

Page 1 of 8 pages   Buyer's Initials ___ (KG) Date 7/12/10   Seller's Initials ___ JB  Date 7/13/10



This form is authorized for use by Amber Sargent, a member of the Park City Board of Realtors.

Jul 16 10 09:40a                                                                                              p.5

Jul 12 10 10:13a

3.2  Prorations. All prorations, including, but not limited to, homeowner's association dues, property taxes for the current year, rents, and interest on assumed obligations, if any, shall be made as of the Settlement Deadline referenced in Section 24(d), unless otherwise agreed to in writing by the parties. Such writing could include the settlement statement. The provisions of this Section 3.2 shall survive Closing.

3.3  Greenbelt. If any portion of the Property is presently assessed as "Greenbelt" the payment of any roll-back taxes assessed against the Property shall be paid for by: [ ] Seller [√] Buyer [ ] Split Equally Between Buyer and Seller [ ] Other (explain) _____

3.4  Special Assessments. Any assessments for capital improvements as approved by the HOA (pursuant to HOA governing documents) or as assessed by a municipality or special improvement district, prior to the Settlement Deadline shall be paid for by: [√] Seller [ ] Buyer [ ] Split Equally Between Buyer and Seller [ ] Other (explain) _____

The provisions of this Section 3.4 shall survive Closing.

3.5  Fees/Costs/Payment Obligations. Unless otherwise agreed to in writing, Seller and Buyer shall each pay one-half (1/2) of the fee charged by the escrow/closing office for its services in the settlement/closing process. Tenant deposits (including any prepaid rents) shall be paid or credited by Seller to Buyer at Settlement. Buyer agrees to be responsible for homeowners' association and private and public utility service transfer fees, if any, and all utilities and other services provided to the Property after the Settlement Deadline. The escrow/closing office is authorized and directed to withhold from Seller's proceeds at Closing, sufficient funds to pay off on Seller's behalf all mortgages, trust deeds, judgments, mechanic's liens, tax liens and warrants. The provisions of this Section 3.5 shall survive Closing.

3.6  Closing. For purposes of the REPC, "Closing" means that: (a) Settlement has been completed; (b) the proceeds of any new loan have been delivered by the Lender to Seller or to the escrow/closing office; and (c) the applicable Closing documents have been recorded in the office of the county recorder. The actions described in 3.6 (b) and (c) shall be completed within four calendar days after Settlement.

4.  POSSESSION. Seller shall deliver physical possession of the Property to Buyer as follows: [√] Upon Closing; [ ] ___ Hours after Closing; [ ] ___ Calendar Days after Closing; [ ] Other (explain) _____

Any contracted rental of the Property prior to or after Closing, between Buyer and Seller, shall be by separate written agreement. Seller and Buyer shall each be responsible for any insurance coverage each party deems necessary for the Property. Seller agrees to deliver the Property to Buyer free of debris and personal belongings. The provisions of this Section 4 shall survive Closing.

5.  CONFIRMATION OF AGENCY DISCLOSURE. Buyer and Seller acknowledge prior written receipt of agency disclosure provided by their respective agent that has disclosed the agency relationships confirmed below. At the signing of the REPC:

Seller's Agent ___Robyn Nielson___ represents [√] Seller [ ] both Buyer and Seller as a Limited Agent;
Seller's Brokerage ___Prudential Utah Realtors___ represents [√] Seller [ ] both Buyer and Seller as a Limited Agent;
Buyer's Agent ___Amber Sargent___ represents [√] Buyer [ ] both Buyer and Seller as a Limited Agent;
Buyer's Brokerage ___Keller Williams So-Utah Region___ represents [√] Buyer [ ] both Buyer and Seller as a Limited Agent.

6.  TITLE & TITLE INSURANCE.

6.1  Title to Property. Seller represents that Seller has fee title to the Property and will convey marketable title to the Property to Buyer at Closing by general warranty deed. Buyer does agree to accept title to the Property subject to the contents of the Commitment for Title Insurance (the "Commitment") provided by Seller under Section 7, and as reviewed and approved by Buyer under Section 8. Buyer also agrees to accept title to the Property subject to any existing leases, rental and property management agreements affecting the Property not expiring prior to Closing which were provided to Buyer pursuant to Section 7(e). The provisions of this Section 6.1 shall survive Closing.

6.2  Title Insurance. At Settlement, Seller agrees to pay for and cause to be issued in favor of Buyer, through the title insurance agency that issued the Commitment, the most current version of an ALTA standard coverage owner's policy of title insurance. Any additional title insurance coverage desired by Buyer shall be at Buyer's expense.

7.  SELLER DISCLOSURES. No later than the Seller Disclosure Deadline referenced in Section 24(a), Seller shall provide to Buyer the following documents in hard copy or electronic format which are collectively referred to as the "Seller Disclosures":

(a) a written Seller Property Condition Disclosure (Land) for the Property, completed, signed and dated by Seller as provided in Section 10.2;
(b) a Commitment for Title Insurance as referenced in Section 6.1;
(c) a copy of any restrictive covenants (CC&R's), rules and regulations affecting the Property;
(d) a copy of the most recent minutes, budget and financial statement for the homeowners' association, if any;
(e) a copy of any lease, rental, and property management agreements affecting the Property not expiring prior to Closing;

Page 2 of 8 pages   Buyer's Initials _____ Date _____   Seller's Initials _____ Date _____

This form is authorized for use by Amber Sargent, a member of the Park City Board of Realtors.   InstanetFORMS

Jul 16 10 09:40a p.6

Jul 12 10 10:14a

(f) evidence of any water rights and/or water shares referenced in Section 1.3;
(g) written notice of any claims and/or conditions known to Seller relating to environmental problems; and violation of any CC&R's, federal, state or local laws, and building or zoning code violations; and
(h) Other (specify) _____

8. **BUYER'S CONDITIONS OF PURCHASE.**

8.1 DUE DILIGENCE CONDITION. Buyer's obligation to purchase the Property: [✓] IS [ ] IS NOT conditioned upon Buyer's Due Diligence as defined in this Section 8.1(a) below. This condition is referred to as the "Due Diligence Condition." If checked in the affirmative, Sections 8.1(a) through 8.1(c) apply; otherwise they do not.

(a) Due Diligence Items. Buyer's Due Diligence shall consist of Buyer's review and approval of the contents of the Seller Disclosures referenced in Section 7, and any other tests, evaluations and verifications of the Property deemed necessary or appropriate by Buyer, such as: the physical condition of the Property; the existence of any hazardous substances, environmental issues or geologic conditions; the square footage or acreage of the Property; the location of property lines; costs and availability of flood insurance, if applicable; water source, availability and quality; the location of property lines; regulatory use restrictions or violations; fees for services such as HOA dues, municipal services, and utility costs; convicted sex offenders residing in proximity to the Property; and any other matters deemed material to Buyer in making a decision to purchase the Property. Unless otherwise provided in the REPC, all of Buyer's Due Diligence shall be paid for by Buyer and shall be conducted by individuals or entities of Buyer's choice. Seller agrees to cooperate with Buyer's Due Diligence. Buyer agrees to pay for any damage to the Property resulting from any such inspections or tests during the Due Diligence.

(b) Buyer's Right to Cancel or Resolve Objections. If Buyer determines, in Buyer's sole discretion, that the results of the Due Diligence are unacceptable, Buyer may either: (i) no later than the Due Diligence Deadline referenced in Section 24(b), cancel the REPC by providing written notice to Seller, whereupon the Earnest Money Deposit shall be released to Buyer without the requirement of further written authorization from Seller; or (ii) no later than the Due Diligence Deadline referenced in Section 24(b), resolve in writing with Seller any objections Buyer has arising from Buyer's Due Diligence.

(c) Failure to Cancel or Resolve Objections. If Buyer fails to cancel the REPC or fails to resolve in writing any objections Buyer has arising from Buyer's Due Diligence, as provided in Section 8.1(b), Buyer shall be deemed to have waived the Due Diligence Condition.

8.2 APPRAISAL CONDITION. Buyer's obligation to purchase the Property: [✓] IS [ ] IS NOT conditioned upon the Property appraising for not less than the Purchase Price. This condition is referred to as the "Appraisal Condition." If checked in the affirmative, Sections 8.2(a) and 8.2(b) apply; otherwise they do not.

(a) Buyer's Right to Cancel. If after completion of an appraisal by a licensed appraiser, Buyer receives written notice from the Lender or the appraiser that the Property has appraised for less than the Purchase Price (a "Notice of Appraised Value"), Buyer may cancel the REPC by providing written notice to Seller (with a copy of the Notice of Appraised Value) no later than the Financing & Appraisal Deadline referenced in Section 24(c), whereupon the Earnest Money Deposit shall be released to Buyer without the requirement of further written authorization from Seller.

(b) Failure to Cancel. If the REPC is not cancelled as provided in this Section 8.2(a), Buyer shall be deemed to have waived the Appraisal Condition.

8.3 FINANCING CONDITION. Buyer's obligation to purchase the Property: [✓] IS [ ] IS NOT conditioned upon Buyer obtaining the Loan referenced in Section 2(b). This condition is referred to as the "Financing Condition." If checked in the affirmative, Sections 8.3(a) and 8.3(b) apply; otherwise they do not. If the Financing Condition applies, Buyer agrees to work diligently and in good faith to obtain the Loan.

(a) Buyer's Right to Cancel Before the Financing & Appraisal Deadline. If Buyer, in Buyer's sole discretion, is not satisfied with the terms and conditions of the Loan, Buyer may cancel the REPC by providing written notice to Seller no later than the Financing & Appraisal Deadline referenced in Section 24(c); whereupon the Earnest Money Deposit shall be released to Buyer without the requirement of further written authorization from Seller.

(b) Buyer's Right to Cancel After the Financing & Appraisal Deadline. If after expiration of the Financing & Appraisal Deadline referenced in Section 24(c), Buyer fails to obtain the Loan, meaning that the proceeds of the Loan have not been delivered by the Lender to Seller or to the escrow/closing office as required under Section 3.6 of the REPC, then Buyer or Seller may cancel the REPC by providing written notice to the other party; whereupon the Earnest Money Deposit, or Deposits, if applicable (see Section 8.4 below), shall be released to Seller without the requirement of further written authorization from Buyer. In the event of such cancellation, Seller agrees to accept as Seller's exclusive remedy, the Earnest Money Deposit, or Deposits, if applicable, as liquidated damages. Buyer and Seller agree that liquidated damages would be difficult and impractical to calculate, and the Earnest Money Deposit, or Deposits, if applicable, is a fair and reasonable estimate of Seller's damages in the event Buyer fails to obtain the Loan.

Page 3 of 9 pages   Buyer's Initials _____ Date 7/2/10   Seller's Initials _____ Date 7/3/10

This form is authorized for use by Amber Sargent, a member of the Park City Board of Realtors.

8.4 **ADDITIONAL EARNEST MONEY DEPOSIT.** If the REPC has not been previously canceled by Buyer as provided in Sections 8.1, 8.2 or 8.3(a), then no later than the Due Diligence Deadline referenced in Section 24(b), or the Financing & Appraisal Deadline referenced in Section 24(c), whichever is later, Buyer [ ] WILL [✓] WILL NOT deliver to the Buyer's Brokerage, an Additional Earnest Money Deposit in the amount of $_____. The Earnest Money Deposit and the Additional Earnest Money Deposit, if applicable, are sometimes referred to herein as the "Deposits". The Earnest Money Deposit, or Deposits, if applicable, shall be credited toward the Purchase Price at Closing.

9. **ADDENDA.** There [ ] ARE [✓] ARE NOT addenda to the REPC containing additional terms. If there are, the terms of the following addenda are incorporated into the REPC by this reference: [ ] Addendum No. _____
[ ] Seller Financing Addendum [ ] Other (specify) _____

10. **AS-IS CONDITION OF PROPERTY.**
10.1 **Condition of Property/Buyer Acknowledgements.** Buyer acknowledges and agrees that in reference to the physical condition of the Property: (a) Buyer is purchasing the Property in its "As-Is" condition without expressed or implied warranties of any kind; (b) Buyer shall have, during Buyer's Due Diligence as referenced in Section 8.1, an opportunity to completely inspect and evaluate the condition of the Property; and (c) if based on the Buyer's Due Diligence, Buyer elects to proceed with the purchase of the Property, Buyer is relying wholly on Buyer's own judgment and that of any contractors or inspectors engaged by Buyer to review, evaluate and inspect the Property.
10.2 **Condition of Property/Seller Acknowledgements.** Seller acknowledges and agrees that in reference to the physical condition of the Property, Seller agrees to: (a) disclose in writing to Buyer defects in the Property known to Seller that materially affect the value of the Property that cannot be discovered by a reasonable inspection by an ordinary prudent Buyer; (b) carefully review, complete, and provide to Buyer a written Seller Property Condition Disclosure (Land) as stated in Section 7(a); and (c) deliver the Property to Buyer in substantially the same general condition as it was on the date of Acceptance, as defined in Section 23. The provisions of Sections 10.1 and 10.2 shall survive Closing.

11. **FINAL PRE-SETTLEMENT INSPECTION.**
11.1 **Pre-Settlement Inspection.** At any time prior to Settlement, Buyer may conduct a final pre-Settlement inspection of the Property to determine only that the Property is "as represented," meaning that the items referenced in Sections 1.1, 1.3 and 8.1(b)(ii) ("the Items") are respectively present, repaired or corrected as agreed. The failure to conduct a pre-Settlement inspection or to claim that an item is not as represented shall not constitute a waiver by Buyer of the right to receive, on the date of possession, the items as represented. If the items are not as represented, Seller agrees to cause all applicable items to be corrected, repaired or replaced (the "Work") prior to the Settlement Deadline referenced in Section 24(d).
11.2 **Escrow to Complete the Work.** If, as of Settlement, the Work has not been completed, then Buyer and Seller agree to withhold in escrow at Settlement a reasonable amount agreed to by Seller, Buyer (and Lender, if applicable), sufficient to pay for completion of the Work. If the Work is not completed within thirty (30) calendar days after the Settlement Deadline, the amount so escrowed may, subject to Lender's approval, be released to Buyer as liquidated damages for failure to complete the Work. The provisions of this Section 11.2 shall survive Closing.

12. **CHANGES DURING TRANSACTION.** Seller agrees that from the date of Acceptance until the date of Closing, none of the following shall occur without the prior written consent of Buyer: (a) no changes in any leases, rental or property management agreements shall be made; (b) no new leases, rental or property management agreements shall be entered into; (c) no substantial alterations or improvements to the Property shall be made or undertaken; (d) no further financial encumbrances to the Property shall be made, and (e) no changes in the legal title to the Property shall be made.

13. **AUTHORITY OF SIGNERS.** If Buyer or Seller is a corporation, partnership, trust, estate, limited liability company or other entity, the person signing the REPC on its behalf warrants his or her authority to do so and to bind Buyer and Seller.

14. **COMPLETE CONTRACT.** The REPC together with its addenda, any attached exhibits, and Seller Disclosures (collectively referred to as the "REPC") constitutes the entire contract between the parties and supersedes and replaces any and all prior negotiations, representations, warranties, understandings or contracts between the parties whether verbal or otherwise. The REPC cannot be changed except by written agreement of the parties.

15. **MEDIATION.** Any dispute relating to the REPC arising prior to or after Closing: [ ] SHALL [✓] MAY AT THE OPTION OF THE PARTIES first be submitted to mediation. Mediation is a process in which the parties meet with an impartial person who helps to resolve the dispute informally and confidentially. Mediators cannot impose binding decisions. The parties to the dispute must agree before any settlement is binding. The parties will jointly appoint an acceptable mediator and share equally in the cost of such mediation. If mediation fails, the other procedures and remedies available under the REPC shall apply. Nothing in this Section 15 prohibits any party from seeking emergency legal or equitable relief, pending mediation. The provisions of this Section 15 shall survive Closing.

Page 4 of 8 pages     Buyer's Initials ___ Date 3/12/10     Seller's Initials ___ Date 7/13/10

This form is authorized for use by Amber Bargoot, a member of the Park City Board of Realtors.

Jul 16 10 09:42a                                                                                              p.8

Jul 12 10 10:15a                                                                                              p.9

**16. DEFAULT.**

16.1 **Buyer Default.** If Buyer defaults, Seller may elect one of the following remedies: (a) cancel the REPC and retain the Earnest Money Deposit, or Deposits, if applicable, as liquidated damages; (b) maintain the Earnest Money Deposit, or Deposits, if applicable, in trust and sue Buyer to specifically enforce the REPC; or (c) return the Earnest Money Deposit, or Deposits, if applicable, to Buyer and pursue any other remedies available at law.

16.2 **Seller Default.** If Seller defaults, Buyer may elect one of the following remedies: (a) cancel the REPC, and in addition to the return of the Earnest Money Deposit, or Deposits, if applicable, Buyer may elect to accept from Seller, as liquidated damages, a sum equal to the Earnest Money Deposit, or Deposits, if applicable; or (b) maintain the Earnest Money Deposit, or Deposits, if applicable, in trust and sue Seller to specifically enforce the REPC; or (c) accept a return of the Earnest Money Deposit or Deposits, if applicable, and pursue any other remedies available at law. If Buyer elects to accept liquidated damages, Seller agrees to pay the liquidated damages to Buyer upon demand.

**17. ATTORNEY FEES AND COSTS/GOVERNING LAW.** In the event of litigation or binding arbitration to enforce the REPC, the prevailing party shall be entitled to costs and reasonable attorney fees. However, attorney fees shall not be awarded for participation in mediation under Section 15. This contract shall be governed by and construed in accordance with the laws of the State of Utah. The provisions of this Section 17 shall survive Closing.

**18. NOTICES.** Except as provided in Section 23, all notices required under the REPC must be: (a) in writing; (b) signed by the Buyer or Seller giving notice; and (c) received by the Buyer or the Seller, or their respective agent, or by the brokerage firm representing the Buyer or Seller, no later than the applicable date referenced in the REPC.

**19. NO ASSIGNMENT.** The REPC and the rights and obligations of Buyer hereunder, are personal to Buyer. The REPC may not be assigned by Buyer without the prior written consent of Seller. Provided, however, the transfer of Buyer's interest in the REPC to any business entity in which Buyer holds a legal interest, including, but not limited to, a family partnership, family trust, limited liability company, partnership, or corporation (collectively referred to as a "Permissible Transfer"), shall not be treated as an assignment by Buyer that requires Seller's prior written consent. Furthermore, the inclusion of "and/or assigns" or similar language on the line identifying Buyer on the first page of the REPC shall constitute Seller's written consent only to a Permissible Transfer.

**20. INSURANCE & RISK OF LOSS.**

20.1 **Insurance Coverage.** As of Closing, Buyer shall be responsible to obtain such casualty and liability insurance coverage on the Property in amounts acceptable to Buyer and Buyer's Lender, if applicable.

20.2 **Risk of Loss.** If prior to Closing, any part of the Property is damaged or destroyed by fire, vandalism, flood, earthquake, or act of God, the risk of such loss or damage shall be borne by Seller; provided however, that if the cost of repairing such loss or damage would exceed ten percent (10%) of the Purchase Price referenced in Section 2, Buyer may elect to either: (i) cancel the REPC by providing written notice to the other party, in which instance the Earnest Money, or Deposits, if applicable, shall be returned to Buyer; or (ii) proceed to Closing, and accept the Property in its "As-Is" condition.

**21. TIME IS OF THE ESSENCE.** Time is of the essence regarding the dates set forth in the REPC. Extensions must be agreed to in writing by all parties. Unless otherwise explicitly stated in the REPC: (a) performance under each Section of the REPC which references a date shall absolutely be required by 5:00 PM Mountain Time on the stated date; and (b) the term "days" and "calendar days" shall mean calendar days and shall be counted beginning on the day following the event which triggers the timing requirement (e.g. Acceptance). Performance dates and times referenced herein shall not be binding upon title companies, lenders, appraisers and others not parties to the REPC, except as otherwise agreed to in writing by such non-party.

**22. ELECTRONIC TRANSMISSION AND COUNTERPARTS.** Electronic transmission (including email and fax) of a signed copy of the REPC, any addenda and counteroffers, and the retransmission of any signed electronic transmission shall be the same as delivery of an original. The REPC and any addenda and counteroffers may be executed in counterparts.

**23. ACCEPTANCE.** "Acceptance" occurs only when all of the following have occurred: (a) Seller or Buyer has signed the offer or counteroffer where noted to indicate acceptance; and (b) Seller or Buyer or their agent has communicated to the other party or to the other party's agent that the offer or counteroffer has been signed as required.

Page 8 of 9 pages    Buyer's Initials ____ ____ Date ____    Seller's Initials ____ ____ Date ____

This form is authorized for use by Amber Sargent, a member of the Park City Board of Realtors.

Jul 16 10 09:42a p.9

Jul 12 10 10:17a

**24. CONTRACT DEADLINES.** Buyer and Seller agree that the following deadlines shall apply to the REPC:

(a) Seller Disclosure Deadline — 7 days from Acceptance (Date)
(b) Due Diligence Deadline — 14 days from Acceptance (Date)
(c) Financing & Appraisal Deadline — 21 days from Acceptance (Date)
(d) Settlement Deadline — 30 days from Acceptance (Date)

**25. OFFER AND TIME FOR ACCEPTANCE.** Buyer offers to purchase the Property on the above terms and conditions. If Seller does not accept this offer by: [ ] AM [X] PM Mountain Time on 07/16/10 (Date), this offer shall lapse; and the Brokerage shall return any Earnest Money Deposit to Buyer.

_____ 7/11/10     _____ _____
(Buyer's Signature)       (Offer Date)   (Buyer's Signature)         (Offer Date)

Kellin Oakfield          3561 Chatterleigh Rd 84121       303-549-3065
(Buyer's Names) (PLEASE PRINT)   (Notice Address)   (Zip Code)   (Phone)

Anne Oakfield            3561 Chatterleigh Rd 84121
(Buyer's Names) (PLEASE PRINT)   (Notice Address)   (Zip Code)   (Phone)

**ACCEPTANCE/COUNTEROFFER/REJECTION**

CHECK ONE:
[ ] **ACCEPTANCE OF OFFER TO PURCHASE:** Seller Accepts the foregoing offer on the terms and conditions specified above.
[X] **COUNTEROFFER:** Seller presents for Buyer's Acceptance the terms of Buyer's offer subject to the exceptions or modifications as specified in the attached ADDENDUM NO. 1 & Non-Occupant of Property Addendum
[ ] **REJECTION:** Seller rejects the foregoing offer.

_____ 7/13/10    _____ 7-15-10
(Seller's Signature)     (Date) (Time)  (Seller's Signature)   (Date) (Time)

Stephen W Ryan, Trustee
(Seller's Names) (PLEASE PRINT)   (Notice Address)   (Zip Code)   (Phone)

Jamie Bench, Personal Representative
(Seller's Names) (PLEASE PRINT)   (Notice Address)   (Zip Code)   (Phone)

This form is COPYRIGHTED by the UTAH ASSOCIATION OF REALTORS® for use solely by its members. Any unauthorized use, modification, copying or distribution without written consent is prohibited. NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION OF THIS FORM IN ANY SPECIFIC TRANSACTION. IF YOU DESIRE SPECIFIC LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.

COPYRIGHT© UTAH ASSOCIATION OF REALTORS® - 7.4.04 - REVISED - 4.21.10 - ALL RIGHTS RESERVED     UAR FORM 13

Page 6 of 6 pages    Buyer's Initials ___ ___ Date 7/11/10   Seller's Initials ___ ___ Date 7/13/10

This form is authorized for use by Adam Sargenti, a member of the Park City Board of Realtors.   InstanetForms

Jul 16 10 09:43a                                                                                          p.10

ADDENDUM NO. 1
TO
REAL ESTATE PURCHASE CONTRACT

THIS IS AN [ ] ADDENDUM [X] COUNTEROFFER to that REAL ESTATE PURCHASE CONTRACT (the "REPC") with an Offer Reference Date of July 12, 2010, including all prior addenda and counteroffers, between Kollin & Anne Garfield as Buyer, and Stephen Rupp, Trustee & Jamie Bench, Personal Representative as Seller, regarding the Property located at Lot #10 Lake Rockport Est. 1 / Wanship, UT 84017. Tax ID# LR-1-10 (3934 Brian Circle). The following terms are hereby incorporated as part of the REPC:

(1) Sale of Property is subject to Court approval.

(2) Regarding Section 24.(c): Financing & Appraisal Deadline changed to 10 days after Court approval.

(3) Regarding Section 24.(d): Settlement Deadline changed to 14 days after Court approval.

BUYER AND SELLER AGREE THAT THE CONTRACT DEADLINES REFERENCED IN SECTION 24 OF THE REPC (CHECK APPLICABLE BOX): [ ] REMAIN UNCHANGED [ ] ARE CHANGED AS FOLLOWS: See above.

To the extent the terms of this ADDENDUM modify or conflict with any provisions of the REPC, including all prior addenda and counteroffers, these terms shall control. All other terms of the REPC, including all prior addenda and counteroffers, not modified by this ADDENDUM shall remain the same. [ ] Seller [X] Buyer shall have until 5:00 [ ] AM [X] PM Mountain Time on July 16, 2010 (Date), to accept the terms of this ADDENDUM in accordance with the provisions of Section 23 of the REPC. Unless so accepted, the offer as set forth in this ADDENDUM shall lapse.

[ ] Buyer [X] Seller (Signature)    7/14/10 (Date)    [ ] Buyer [X] Seller Signature    7-14-10 (Date) (Time)

ACCEPTANCE/COUNTEROFFER/REJECTION
CHECK ONE:
[X] ACCEPTANCE: [ ] Seller [ ] Buyer hereby accepts the terms of this ADDENDUM.
[ ] COUNTEROFFER: [ ] Seller [ ] Buyer presents as a counteroffer the terms of attached ADDENDUM NO. ___

(Signature)    7/14/10 (Date) (Time)    Anne Garfield (Signature)    7/14/10 (Date) (Time)

[ ] REJECTION: [ ] Seller [ ] Buyer rejects the foregoing ADDENDUM.

(Signature)    (Date) (Time)    (Signature)    (Date) (Time)

THIS FORM APPROVED BY THE UTAH REAL ESTATE COMMISSION AND THE OFFICE OF THE UTAH ATTORNEY GENERAL, EFFECTIVE AUGUST 5, 2003. IT REPLACES AND SUPERSEDES ALL PREVIOUSLY APPROVED VERSIONS OF THIS FORM.

Page 1 of 1    Buyer's Initials ___  ___    Seller's Initials  ___ 7/14/10    Addendum No. 1 to REPC

Jul 16 10 09:39a                                                                                          p.3

 

## Non-Occupant of Property ADDENDUM
## TO
## REAL ESTATE PURCHASE CONTRACT

THIS IS AN [ ] ADDENDUM [X] COUNTEROFFER to that REAL ESTATE PURCHASE CONTRACT (the "REPC") with an Offer Reference Date of July 12, 2010, including all prior addenda and counteroffers, between Kollin & Anne Garfield, as Buyer, and Stephen Rupp, Trustee & Jannie Bunch, Personal Representative as Seller, regarding the Property located at Lot #10 Lake Rockport Est. 1, Wanship, UT 84047 / Tax ID# LR-1-10 (3934 Brian Circle) (the "Property"). The terms of this Addendum are hereby incorporated as part of the REPC, and to the extent the terms of this Addendum modify or conflict with any provisions of the REPC, including all prior addenda and counteroffers, these terms shall control.

**1 NON-OCCUPANT OF PROPERTY.**
[ ] Buyer's Initials  [ ] Seller's Initials

1.1 Non-Occupant of Property. Seller will not provide, as a Seller Disclosure under Section 7 of the REPC, a Seller Property Condition Disclosure form because Seller has insufficient current personal knowledge regarding the physical condition of the Property. Seller represents that Seller (check applicable boxes) [X] has never occupied the Property [ ] has not occupied the Property for a period of _____ [ ] months [ ] years.

ALL OTHER TERMS of the REPC, including all prior addenda and counteroffers, not modified by this ADDENDUM/COUNTEROFFER shall remain the same. [ ] Seller [ ] Buyer shall have until 5 : 00 [ ] AM [X] PM Mountain Time July 16, 2010 to accept the terms of this ADDENDUM/COUNTEROFFER in accordance with the provisions of Section 23 of the REPC. Unless so accepted, the offer as set forth in this ADDENDUM/COUNTEROFFER shall lapse.

[ ] Buyer [X] Seller Signature   (Date) 7/13/10  (Time)   [ ] Buyer [ ] Seller Signature   (Date) 7-13-10  (Time)

### ACCEPTANCE/COUNTEROFFER/REJECTION

**CHECK ONE:**
[X] ACCEPTANCE of ADDENDUM/COUNTEROFFER [ ] Seller [ ] Buyer hereby accepts the terms of this ADDENDUM/COUNTER OFFER.

[ ] COUNTER OFFER: [ ] Seller [ ] Buyer presents as a counteroffer the terms of the attached Counteroffer No. ___

[ ] REJECTION: [ ] Seller [ ] Buyer rejects the foregoing ADDENDUM/COUNTER OFFER.

[X] Buyer [ ] Seller Signature  (Date) 7/15/10  (Time)   [X] Buyer [ ] Seller Signature  (Date) 7/15/10  (Time)

This form is COPYRIGHTED by the UTAH ASSOCIATION OF REALTORS® for use solely by its members. Any unauthorized use, modification, copying or distribution without written consent is prohibited. NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION OF THIS FORM IN ANY SPECIFIC TRANSACTION. IF YOU DESIRE SPECIFIC LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.

COPYRIGHT© UTAH ASSOCIATION OF REALTORS® - 1999 - REVISED 11-99 - ALL RIGHTS RESERVED          UAR FORM 18G

 **TRANSACTION DOCUMENTS RECEIPT** 

### PLEASE COMPLETE THIS FORM EACH TIME YOU DELIVER DOCUMENTS!

This TRANSACTION DOCUMENTS RECEIPT applies to the Real Estate Purchase Contract with an Offer Reference Date of 7-13-2010 entered into by and between Stephen Rupp, Trustee & Jamie Bench, Personal Representative as Seller and Kollin & Anne Garfield as Buyer regarding Property located at Lot #10 Lake Rockport Est. 1 / Wanship, UT 84017, Tax ID# LR-1-10 (the "Property")

### THE FOLLOWING DOCUMENTS HAVE BEEN RECEIVED OR DELIVERED AS SHOWN BELOW

Initials *of person receiving documents*

SMR [ JB ] [ ] Unrepresented Buyer Disclosure [ ] Buyer-Broker Agreement [X] Listing Agreement [X] Limited Agency Consent Agreement [ ] For Sale By Owner Commission Agreement
SMR [ JB ] [X] Copy of the Real Estate Purchase Contract (including addenda) signed by the Buyer and the Seller
SMR [ JB ] [X] Seller's Property Condition Disclosure Form [ ] Buyer Due Diligence Checklist
[ ] [ ] Lead Based Paint Disclosure and Acknowledgement [ ] EPA Lead Based Paint Pamphlet
[ ] [ ] Commitment for Title Insurance No. _____ issued by _____
[ ] [ ] CC&R's for the _____ [ ] Condominiums [ ] Subdivision
[ ] [ ] Homeowner's Association [ ] Budget [ ] Financial Statement [ ] Minutes
[ ] [ ] Leases affecting the Property [ ] Copy of Property Management Contract(s) affecting the Property
[ ] [ ] Copies of Water Certificates/Water Shares
[ ] [ ] Inventory List of Personal Property
[ ] [ ] Survey Map dated _____ prepared by _____
[ ] [ ] Property Inspection Report dated _____ prepared by _____
[ ] [ ] Written Notice of Appraised Value By _____ (Lender/Appraiser)
[ ] [ ] Written notice of objections based on Buyer's Due Diligence
[ ] [ ] Written Notice of Cancellation of Contract by [ ] Buyer [ ] Seller
SMR [ JB ] [X] Other (Describe): Listing input form LAND

*(SIGN BELOW & INITIAL ABOVE NEXT TO DOCUMENTS THAT HAVE BEEN CHECKED)*

A. *I HAVE INITIALED NEXT TO THE BOXES CHECKED ABOVE*, and I have signed where indicated below acknowledging my receipt of each of the documents checked above.

Signature of [X] Seller [ ] Seller's Agent [ ] Buyer [ ] Buyer's Agent [ ] Other _____

_____ 11/11/09 _____ _____ 11/11/09 _____
(Signature)    (Date)    (Time)    (Signature)    (Date)    (Time)

SMR 7/22/10

This form is COPYRIGHTED by the UTAH ASSOCIATION OF REALTORS® for use solely by its members. Any unauthorized use, modification, copying or distribution without written consent is prohibited. NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION OF THIS FORM IN ANY SPECIFIC TRANSACTION. IF YOU DESIRE SPECIFIC LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.

COPYRIGHT© UTAH ASSOCIATION OF REALTORS® – 5/94 – REVISED 1.1.09 – ALL RIGHTS RESERVED       UAR FORM 5A